UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81083-CIV-CANNON/Reinhart

**CRAIG ZOBEL**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the parties' cross Motions for Summary Judgment [ECF Nos. 19, 24]. Those Motions were referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 2]. On September 12, 2023, Judge Reinhart issued a report recommending that (1) Plaintiff's Motion for Summary Judgment [ECF No. 19] be granted, (2) Defendant's Motion for Summary Judgment [ECF No. 24] be denied, and (3) the Commissioner's decision be remanded for further proceedings (the "Report") [ECF No. 26]. The Court has reviewed the Report [ECF No. 26], Plaintiff's Objections [ECF No. 29], Defendant's Response to Plaintiff's Objections [ECF No. 30], and the full record. For the reasons set forth below, the Report [ECF No. 26] is **ACCEPTED** in accordance with this Order.[1]

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation

---

[1] This Order assumes a general understanding of this case's factual and procedural background as described in the Report [ECF No. 26 pp. 1–16].

to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## DISCUSSION

The Report recommends that the Court grant Plaintiff's Motion based on the ALJ's failure to state with particularity and to clearly articulate "good cause" for discrediting the opinion of Dr. Krishna Kishor, one of Plaintiff's treating physicians, concerning Plaintiff's reading limitations [ECF No. 26 pp. 21–28, 45].[2] As a result, the Report recommends that the Court reverse and remand the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) for limited further

---

[2] The Report also recommends that the Court instruct the ALJ to review her findings as related to Dr. Todd Lefkowitz's opinion, because the ALJ's evaluation of Dr. Lefkowitz's opinion "was closely intertwined with her assessment of Dr. Kishor's opinions regarding [Plaintiff's] reading limitations" [ECF No. 26 p. 19].

proceedings, namely, instructing the ALJ to (1) weigh the opinion evidence regarding Plaintiff's reading limitations, including the opinions from Dr. Kishor and Dr. Lefkowitz; (2) more fully articulate her reasons for crediting or discrediting Dr. Kishor's opinions; and (3) determine whether any limitation that she finds supported in the opinion evidence impedes Plaintiff's ability to perform certain jobs [ECF No. 26 p. 45].

On September 26, 2023, Plaintiff filed objections to the Report's findings [ECF No. 29], reasserting many of the arguments he raised in earlier filings [*See* ECF Nos. 19, 25]. First, Plaintiff argues that the ALJ erred by improperly weighing opinion evidence in reaching her decision [ECF No. 29 pp. 2–7]. Second, Plaintiff argues that the ALJ's residual function capacity ("RFC") determination is vague and unsupported [ECF No. 29 pp. 7–15]. And third, Plaintiff argues that the Report's determination that Plaintiff was not entitled to reversal for an award of benefits—because Plaintiff had not established "without a doubt" that he was disabled during the relevant period—was incorrect [ECF No. 29 pp. 15–17]. None of Plaintiff's arguments succeed. The Court addresses each in turn below.

**I.        Weighing Opinion Evidence**

Plaintiff argues that the ALJ improperly weighed the opinion evidence of Dr. Lefkowitz, Vocational Expert (VE) Donna Taylor, and Dr. Michelle Dompenciel in finding that Plaintiff is not disabled and thus not entitled to social security benefits [ECF No. 29 pp. 2–7]. The Court first addresses the Report's unobjected-to conclusion that reversal and remand are warranted for limited additional proceedings related to Dr. Kishor's opinion.[3] The Court then addresses Plaintiff's objections to the Report's findings concerning opinion evidence provided by other sources.

---

[3] Neither party objects to the Report's findings concerning Dr. Kishor's opinion. Plaintiff states that he "rests on his arguments set forth in ECF No. 19 and No. 25" [ECF No. 29 p. 2]. Defendant did not file objections.

3

### A. The record reveals no clear error in the Report's determination that remand is warranted for further proceedings concerning the weight accorded to Dr. Kishor's opinion.

The Report recommends reversal and remand on a limited basis on the grounds that the ALJ did not sufficiently explain her reasoning for discounting the opinion of Dr. Kishor, one of Plaintiff's treating physicians [ECF No. 26 pp. 21–28]. More specifically, the Report concludes that the ALJ's opinion does not sufficiently articulate "good cause" for giving Dr. Kishor's opinion "little weight" in the ultimate disability determination [ECF No. 26 pp. 21–28]. Upon review, and as clarified herein, the Court sees no clear error in this remand determination.

"A treating physician's medical opinion must be given 'substantial or considerable weight' unless 'good cause' is shown to give it less weight." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 (11th Cir. 2018). Good cause exists where "the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

In this case, Dr. Kishor opined that Plaintiff's eye maladies "preclude him from any work that requires reading" [ECF No. 11-1 pp. 411–12]. The ALJ decided to give "little weight" to that opinion, concluding that "Dr. Kishor's assessments for a decline in vision [wa]s inconsistent with the claimant's documented VA findings and full/normal field of vision findings" [ECF No. 11-1 p. 502; ECF No. 26 p. 23]. The ALJ also noted that Dr. Kishor's opinion was "overly restrictive" when measured against Plaintiff's "ability to navigate airports when traveling" and his ability to drive, "which required a functional degree of near acuity, far acuity, accommodation, depth perception, and field of vision" [ECF No. 11-2 p. 502].[4] These observations, while relevant to the

---

[4] The ALJ also observed that (1) Dr. Kishor evaluated Plaintiff only twice (2016, 2018) in a five-

matter of Plaintiff's vision and reflective of the ALJ's careful evaluation of the record, do not sufficiently identify/articulate the inconsistencies between Dr. Kishor's no-reading opinion and the medical findings in the record, at least not in a way that enables fulsome examination of the issue by this Court.

In sum, although the record indeed may support "good cause" to discredit Dr. Kishor's restrictive opinion, and although the Court is mindful of the ALJ's thorough review of the extensive record in this case [*see* ECF No. 11-1 pp. 495–502], the Report does not clearly error in determining that the ALJ's decision in its current form lacks sufficient explanation on this issue specifically [ECF No. 11-1 p. 412; ECF No. 26 p. 26]. A limited remand is therefore appropriate. *See Cain v. Comm'r, Soc. Sec. Admin.*, 777 F. App'x 408, 410 (11th Cir. 2019) (holding that the ALJ "committed reversible error by failing to state with particularity and clearly articulate good cause for discrediting [the treating physician's] specific, determinative opinions") (citations omitted).

---

year period approximately, often deferring to other providers who saw Plaintiff more frequently; (2) neither Dr. Kishor nor any other physician recommended Plaintiff undergo eye surgery; (3) Plaintiff suffered no recurrence of shingles in his eyes (as experienced by Plaintiff in 2015); and (4) Dr. Kishor did not cite specific record evidence to support his conclusion that Plaintiff's condition met the visual-impairments criteria under the Special Senses Social Security Criteria (2.00) [ECF No. 11-1 p. 502].

CASE NO. 22-81083-CIV-CANNON/Reinhart

**B. The ALJ properly evaluated Dr. Lefkowitz's opinion regarding Plaintiff's physical limitations.**[5]

Plaintiff objects to the Report's finding that "the ALJ has not committed independent error in her consideration of Dr. Lefkowitz's opinions about [Plaintiff's] physical limitations; and that Plaintiff has not sufficiently supported his argument in this regard" [ECF No. 29 p. 2].

The Court agrees with the Report. First, although the opinion of a non-examining physician like Dr. Lefkowitz is not entitled to the same deference as that of a treating physician, the ALJ still must "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The ALJ satisfied this standard here. As the Report rightly notes, the ALJ's Decision states that she gave "little weight" to Dr. Lefkowitz's opinion and provides the specific reasons for this decision (stating it was "overly restrictive," "broad and vague," and because determinations of a claimant's ability to work are reserved to the Commissioner), all while citing to the pages of the record containing Dr. Lefkowitz's opinion regarding Plaintiff's physical limitations [ECF No. 26 p. 31; ECF No. 11-1 p. 503]. The ALJ did not err in its treatment of Dr. Lefkowitz's opinion in this respect.

**C. The ALJ properly evaluated VE Taylor's opinion regarding Plaintiff's physical limitations**.

Plaintiff objects to the Report's "incorrect finding that the ALJ was not required to assign VE Taylor's opinion evidence any particular weight, and that the ALJ was not required to do so

---

[5] The Report recommends that the ALJ be instructed to reevaluate Dr. Lefkowitz's opinions regarding Plaintiff's *reading limitations* on remand, but the Report finds "no error in the ALJ's treatment of Dr. Lefkowitz's opinion with respect to [Plaintiff's] *physical limitations*" [ECF No. 26 p. 30 (emphasis added)]. Thus, Plaintiff only objects to the Report's recommendation concerning the ALJ's treatment of Dr. Lefkowitz's opinion vis-à-vis Plaintiff's physical limitations [*See* ECF No. 29 pp. 2–4].

6

under Regulations and the prior Remand Orders" [ECF No. 29 p. 4].[6] Plaintiff also objects to the Report's finding that any such error would be harmless because the ALJ's ultimate disability conclusion was not inconsistent with VE Taylor's opinions [ECF No. 29 p. 4; *see* ECF No. 26 pp. 32–33].

The Court agrees with the Report. As the Report correctly observes, when considering a nonmedical source, an ALJ "generally should explain the weight given to opinion from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case" [ECF No. 26 p. 32 (quoting 20 C.F.R. § 404.1527(f))]. The ALJ did so here. Her decision explains that she accorded "very little weight" to VE Taylor's opinion because it was "inconsistent with and unsupported by the medical exams and evaluations of record," and because VE Taylor's analysis of transferrable skills was "not consistent with the Social Security's rules and regulations" [ECF No. 11-1 p. 503]. The Court also agrees with the Report's conclusion that, even if the ALJ's discreditation of VE Taylor's opinion was erroneous, which it was not (as explained above), such an assessment amounted to harmless error, because the ALJ's findings were not in conflict with VE Taylor's findings and did not affect the ALJ's ultimate decision as to Plaintiff's disability [ECF No. 26 pp. 32–33 (citing *Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020))]. The ALJ did not err in weighing VE Taylor's opinion.

---

[6] Plaintiff's argument on this point is difficult to discern. Plaintiff states that he "is not asking the Court to re-weigh [VE Taylor's opinion evidence]; he is asserting that the ALJ in fact weighed this evidence but did not do so in accordance with her duty to do so properly" [ECF No. 29 p. 4]. Plaintiff fails to specify what he means by the ALJ's "duty to do so properly" or how the ALJ's Decision failed to meet this supposed duty. In any event, upon review, this Court finds the ALJ's handling of VE Taylor's opinion to be proper.

**D. The ALJ articulated "good cause" for discounting Dr. Dompenciel's opinion.**

Plaintiff objects to the Report's "acceptance of the ALJ's lay interpretation of various medical evidence to reject Dr. Dompenciel's opinion" [ECF No. 29 p. 7; *see also* ECF No. 29 p. 5 ("Plaintiff objects to the [Report's] acceptance of the ALJ's conjecture and inaccuracies about the facts she relied upon to form her lay opinion to formulate the physical RFC findings.")]

The Court finds that the ALJ sufficiently articulated "good cause" for discounting Dr. Dompenciel's opinion and agrees with the Report in this respect [ECF No. 29 pp. 34–36]; *see Hargress*, 883 F.3d at 1305 ("A treating physician's medical opinion must be given 'substantial or considerable weight' unless 'good cause' is shown to give it less weight."). Good cause exists where "the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179. The ALJ explained that she accorded "little weight" to Dr. Dompenciel's opinion about Plaintiff's physical limitations because they conflicted with Plaintiff's "entirely normal neurological exam with [Dr. Dompenciel] in September 2016" [ECF No. 11-1 p. 502; *see* ECF No. 11-1 pp. 364–65 (Dr. Dompenciel's 2016 neurological exam report)]. In other words, the ALJ found that Dr. Dompenciel's opinion was "inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179. This alone provides a basis for discounting Dr. Dompenciel's opinion. *See id.* But the ALJ goes further, noting that Dr. Dompenciel "did not treat the claimant's other conditions," and that Dr. Dompenciel's opinion, when measured against the entire record, tracked "the claimant's history and subjective complaints, rather than represent[ing] a true objective assessment" [ECF No. 11-1 p. 502]. In other words, Dr. Dompenciel's opinion was "conclusory" and "not bolstered by the

evidence." *Winschel*, 631 F.3d at 1179.  Upon review, the Court agrees with the Report finds that the ALJ articulated "good cause" for discounting of Dr. Dompenciel's opinion.

> II. **The ALJ's RFC findings are sufficiently specific and supported by substantial evidence.**

Plaintiff next objects to the Report's finding that "the ALJ considered and adequately addressed [Plaintiff's] physical limitations before finding that he is capable of performing medium work" [ECF No. 29 p. 8 (citing ECF No. 26 p. 38)].  Because the ALJ's RFC determination is supported by substantial evidence, Plaintiff's objection lacks merit.

An ALJ's RFC assessment must be "based on all of the relevant medical and other evidence" in a claimant's case record.  20 C.F.R. § 404.1545(a)(1).  The ALJ's detailed Decision reflects a thorough consideration of the entire record in reaching her conclusion that Plaintiff could perform medium work [*See* ECF No. 11-1 pp. 497–504].  As the Report rightly notes, this included discussion of Plaintiff's activities and symptoms, objective medical examinations and tests, physician recommendations, and functional limitations [ECF No. 26 pp. 40–41].[7]  This Court's review is limited to whether "substantial evidence" exists to support the ALJ's findings.  *See Bloodsworth*, 703 F.2d at 1239 ("Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.").  Upon de novo review, and for the reasons stated in the comprehensive Report [ECF No. 26 pp. 37–44], the Court agrees that substantial evidence supports the ALJ's RFC assessment.  Plaintiff's objection, which reiterates arguments previously raised and

---

[7] Plaintiff specifically objects to the Report's finding that the ALJ properly discredited the opinion of Plaintiff's physical therapist, Holly Whitford [ECF No. 29 pp. 12–13].  The Court agrees with the Report in this respect [ECF No. 26 pp. 39–40].  The ALJ provided sufficient explanation for her treatment of Whitford's opinion, explaining that it was inconsistent with and unsupported by the medical exams and evaluations in the record, and at least partially conflicted with Ms. Whitford's own discharge summary in 2014 [ECF No. 11-1 p. 503].

sufficiently addressed in the Report [ECF No. 29 pp. 8–15; ECF No. 26 pp. 37–44], does not counsel a different conclusion.

### III. The Report correctly determines that Plaintiff is not entitled to reversal and an award of benefits.

Finally, Plaintiff's Motion requests reversal and entry of an order "for the Commissioner to grant benefits" on remand [ECF No. 19 p. 28]. A court may "remand the case for an entry of an order awarding disability benefits where the Secretary has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). As discussed in the ALJ's Decision and in the Report, Plaintiff has not clearly established that he was disabled during the relevant period [ECF No. 26; ECF No. 11-1 pp. 493–506]. Plaintiff is not entitled to reversal and an award for benefits.

### CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 26] is **ACCEPTED**.

    a. Plaintiff's Motion for Summary Judgment [ECF No. 19] is **GRANTED** in part in accordance with the Report and this Order. The ALJ is instructed to revisit Dr. Kishor's and Dr. Lefkowitz's opinions regarding Plaintiff's reading limitations; more fully articulate her reasons for crediting or discrediting these opinions, as applicable; and depending on the foregoing, determine whether Plaintiff is impeded from performing the jobs of general helper, laundry worker, industrial cleaner, or any other job that exists in significant numbers in the national economy.

    b. Defendant's Motion for Summary Judgment [ECF No. 24] is **DENIED**.

2. This matter is hereby **REMANDED** to the Commissioner of Social Security to conduct further proceedings as described in this Order and the Report [ECF No. 26].

3. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 2nd day of January 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record