UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-81083-CANNON/REINHART

CRAIG ZOBEL,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EAJA [ECF No. 32]**

On November 1, 2024, I issued my Report recommending that the District Court deny Mr. Zobel's Motion for EAJA Fees. ECF No. 36. Mr. Zobel submitted his objections and Judge Cannon referred the matter back for a supplemental report and recommendation. ECF Nos. 37–38. I note Mr. Zobel's objections and submit this supplement recommending that the District Court deny Plaintiff's Motion for Attorney Fees under the EAJA.

I.    PROCEDURAL HISTORY

On August 20, 2016, Mr. Zobel filed an application for a period of disability and disability insurance benefits ("DIB"), alleging a disability onset date of May 4,

2014. R. 171–172.[1] Mr. Zobel's case was initially handled by Administrative Law Judge ("ALJ") Thomas J. Stanzi. R. 12–25. After holding two hearings, ALJ Stanzi issued an unfavorable decision on March 28, 2019. *Id.* The Appeals Council denied review of ALJ Stanzi's decision and Mr. Zobel appealed the Commissioner's decision in federal court. R. 1–3. On July 7, 2020, the Court remanded the case to the Commissioner with instructions to "consider the opinion evidence from the acceptable medical sources and other sources and specify the weight assigned the opinions; further evaluate Plaintiff's residual functional capacity; if necessary, obtain expert evidence; and issue a new decision" ("Court Remand Order"). R. 1433–36. Thereafter, the Appeals Council issued a separate remand order requiring the ALJ to:

> Give further consideration to the treating, non-treating, and non-examining source opinions pursuant to the provisions of 20 CFR 404.1527, particularly Dr. Kishor's treating source opinion, and explain the weight given to such opinion evidence. As appropriate, the ALJ may request the treating and non-treating sources provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant could still do despite the impairments through December 31, 2019 (20 CFR 404.1520b). The ALJ may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.
>
> Give further consideration to the claimant's maximum RFC and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and Social Security Ruling 96-8p).

---

[1] Citations preceded by "R." are to the administrative record filed at ECF No. 11.

> If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

("Appeals Council Remand Order"). R. 1442–46.

On August 18, 2021, ALJ Lissette Labrousse held an additional hearing R. 1386–1405. ALJ Labrousse found that Mr. Zobel did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1, through the DLI. R. 1454. Therefore, the ALJ concluded, Mr. Zobel did not engage in substantial gainful activity during the period from his alleged onset date, through his date last insured. R. 1452.

The Appeals Council denied Mr. Zobel's request for review, which rendered the ALJ's decision as the "final decision." R. 1377–82. Mr. Zobel then filed this action requesting judicial review of the ALJ's decision. ECF No. 1.

On the Cross Motions for Summary Judgement, Mr. Zobel asked this Court to reverse the ALJ's decision without remand because "the record establishes disability without a doubt" or in the alternative remand under Sentence Four of 42 U.S.C. § 405(g). ECF No. 19 at p 28. The Government argued the ALJ's decision

should be affirmed because it was supported by substantial evidence and decided by the proper legal standards or in the alternative, the case should be remanded because "reversal for the award of benefits is only appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt." ECF No. 24 at p. 24. Specifically as to Dr. Kishor's opinion, the Government's position was, (1) "the ALJ gave little weight to Dr. Kishor's opinions because they were not well supported by or consistent with the medical and other substance evidence in the record and (2) "any []error with respect to the weight given to Dr. Kishor's opinions [was] harmless because Mr. Zobel would [have] still be[en] able to perform [the two jobs the VE testified to] even if he were as limited as Dr. Kishor opinioned. *Id.* at p. 6, 8.

Ultimately, on the cross motions, I recommended that Judge Cannon reverse and remand the Commissioner's decision with "instructions to the ALJ to weigh the opinion evidence regarding Mr. Zobel's reading limitations, including the opinions from Dr. Kishor and Dr. Lefkowitz, more fully articulate her reasons for crediting or discrediting Dr. Kishor's opinions, and determine whether any limitations that she finds supported in the opinion evidence impede Mr. Zobel's ability to perform the job of a laundry worker, general helper, or any other job that exists in significant numbers in the national economy." ECF No. 26 at 45. Judge Cannon has since adopted the Report and Recommendation. ECF No. 31.

II.   LEGAL PRINCIPLES

4

"Under EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Delaney v. Berryhill*, No. 17-cv-81332, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018) (citing 28 U.S.C. § 2412(d)).

The Government bears the burden to show that its position was substantially justified. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). The Government's "position" includes an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 (1990). To be substantially justified, the Government's position must have "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566, n. 2 (1988). In other words, the Government's position "is justified to a degree that would satisfy a reasonable person." *Jones*, 125 F.3d at 1425. "[A] position can be justified even though it is not correct, and … it can be substantially justified if a reasonable person could think it correct." *Pierce*, 487 at 566, n. 2.

An ALJ failure to adequately articulate reasons for making certain findings does not equate to the Commissioner's position in denying benefits being indefensible. *See Mills v. Astrue*, 4-cv-401, 2008 WL 2945554, at *1 (N.D. Fla. July 24, 2008) (finding Government's position substantially justified even though Eleventh Circuit remanded for the ALJ "to clearly articulate the reasons for the differing amount of

5

weight that he gave to the evidence provided by each doctor"); *see also Tiffany T. v. Saul*, 19-cv-00479DLPJRS, 2021 WL 2186448, at *3 (S.D. Ind. May 28, 2021) (explaining that the ALJ had merely "made a mistake in articulation" such that "the Court was unable to follow the logical bridge" between a plaintiff's limitations and RFC restrictions as contrasted with cherry-picking, ignoring, or mischaracterizing "a significant body of relevant evidence").

### III. DISCUSSION

Mr. Zobel says he's entitled to EAJA fees because the Government's position, both in this case and pre-litigation, was not substantially justified. In support, Mr. Zobel relies on the arguments he made on summary judgement—in conclusory fashion—and the fact that the case was remanded. ECF No. 32 at p. 5.

> Here, the Commissioner's position in the underlying agency action was not substantially justified because he failed to apply proper legal standards in evaluating this case or his decision was not based on substantial evidence. In Plaintiff's Motion for Summary Judgment (Doc. 19), his arguments were set forth as follows:
> I. The ALJ erred by improperly rejecting the opinion evidence; and
> II. The ALJ's RFC Finding that the Plaintiff has the ability to "occasionally read fine print" is Vague and Unsupported, as is her opinion that he is capable of medium work.
> After considering Plaintiff's Motion for Summary Judgment and the Parties' subsequent arguments (Doc. 19, 23, 25), as well as the Report and Recommendation (Doc. 31), and Objections (Doc. 29, 30), this Court ordered remand on January 2, 2024 (Doc. 31)

*Id*. Said another way, Mr. Zobel's view is that the Government's decision could not have been justified *because* the Court remanded. But that view conflates the first and second EAJA elements I'm required to consider. True, the burden is the Government's

to show how its position was substantially justified, but a loss on the merits, does not itself render the Government's position *not* substantially justified. *Malcolm on behalf of D.M. v. Saul*, No. 18-cv-62251, 2021 WL 1906977 (S.D. Fla. May 12, 2021) (quoting *United States v. Gardiner*, 512 F. Supp. 2d 1270, 1273 (S.D. Fla. 2007); *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984))); *see also Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014) ("The outcome of the underlying litigation is not dispositive as to whether the government's position was substantially justified.").

So, I turn to whether the Government's position was substantially justified. The Government says its position before this Court as to the evaluation of Dr. Lefkowitz and Dr. Kishor was justified to a degree that could satisfy a reasonable person. ECF No. 34 at p. 3. The Government concedes that the Appeals Council originally vacated the ALJ's first December 2019, decision because, in part, the 2019 decision did not adequately address Dr. Kishor's opinion evidence. *Id.* (quoting R. 1444) But then an ALJ reheard the case and issued a new decision in September 2021. *Id.* (quoting R. 1450–1463). And when Mr. Zobel appealed the 2021 decision, the Appeals Council "found no basis to change the ALJ's 2021 decision and found the decision [to be] consistent with applicable laws, regulations, and social security rulings." *Id.* (quoting R. 1380). So, the Government says, because the Appeals Council did not assume jurisdiction to reverse the ALJ's 2021 decision, then it is reasonable to conclude that the ALJ properly evaluated the medical opinion evidence as ordered in the Appeals Council's 2019 remand order. In other words, the

Government argues it reasonably inferred the 2021 decision was consistent with the 2019 Appeals Council instructions and therefore it reasonably defended its position in this case at the judicial review stage.

As to Dr. Lefkowtiz, the Government says its position (though ultimately deemed incorrect) was justified to a degree that could satisfy a reasonable person and had a basis in law and fact. *Id.* at p. 7. In support, the Government points out that Dr. Lefkowitz was not a treating physician, and therefore the ALJ was not required to give good reasons for the weight given to his opinion. *Id.* (citing 20 C.F.R. § 404.1527(a)(2), (c)(2)).

In his Reply, Mr. Zobel cites unreported, persuasive at best, but ultimately distinguishable authority in support of his argument that the ALJ's failure to adequately articulate reasons for the weight given to Dr. Lefkowtiz and Dr. Kishor's opinions, alone, is enough to find that Government's position was not substantially justified. ECF No. 35 at pp 2–5. In *Patton*, the Government's position was not substantially justified, in part, where the ALJ gave little to no weight to information on two social security questionnaires where the treating physician's signature was illegible, and where, at the pre-litigation stage, the Plaintiff supplemented the signatures. *Patton v. Berryhill*, No. 8:16-cv-1365-T-27, 2017 WL 6520474 *2–3 (M.D. Fla. Dec. 18, 2017). In *Astrue*, the Middle District of Georgia found the Government's position not substantially justified where an ALJ mistakenly applied the legal standard for a *nontreating physician* to a *treating physician* and therefore failed to articulate the proper weight given. *Davis v. Astrue*, No. 5:09-cv-283, 2012 WL

8

1856501 *2 (M.D. Ga. May 21, 2012) (emphasis added). In *Adames*, the Middle District of Florida found the Government's position not substantially justified where some of the relevant medical records had not been translated to English. *Adames v. Comm'r of Soc.*, No. 6:21-cv-1909, 2023 WL 5352308 *4 (M.D. Fla. Aug. 21, 2023). And, in *Salazar,* the Government's position was not substantially justified where the ALJ failed to "even reference" the treating physician in his decision let alone assign weight to the treating physician's opinion. *Salazar v. Berryhill*, No. 16-cv-21540, 2017 WL 4867093 *2 (S.D. Fla. Sept. 25, 2017); *Salazar v. Berryhill*, No. 1:16-cv-21540, 2018 WL 3586180 (S.D. Fla. July 26, 2018).

On the other hand, the facts here are similar to those in *Malcom* and *Richardson*. *Malcom*, No. 18-cv-62251 at *2; *Richardson v. Kijakazi*, No. 20-cv-14235, 2022 WL 4379597 (S.D. Fla. Sept. 22, 2022). In *Malcom*, Judge Altman remanded the case because the "ALJ failed to explain the weight, if any, he gave to three medical opinions" and therefore the Court could not "meaningfully determine whether the ALJ's decision was supported by substantial evidence" *Malcom,* No. 18-cv-62251 at *2. In *Richardson,* Judge Maynard remanded the case because the ALJ failed to "further explain [] why she found a treating doctor's opinion inconsistent" and therefore it [was] not possible to determine that substantial evidence exist[ed] to support [the ALJ's conclusion]. And in both cases, the Court found the Government's position substantially justified because the ALJ's failure to provide sufficient explanation for a finding, without more, was not grounds to consider the Commissioner's defense of the ALJ's decision to be unreasonable, even where the

9

Commissioner made colorable (though ultimately incorrect) arguments in its merits briefing. *Malcom*, No. 18-cv-62251 at *2; *Richardson*, No. 20-cv-14235 at *3.

Using the above as a guidepost, yes, the ALJ "failed to adequately explain the consistency and supportability factors underpinning her findings" and that lack of explanation precluded this Court from "building the requisite and logical bridge from the evidence to her conclusion." *Richardson,* No. 20-cv-14235 at *3 (quoting *Tiffany T. v. Saul,* No. 219-cv-00479DLPJRS, 2021 WL 2186448, at *3 (S.D. Ind. May 28, 2021) (explaining that the ALJ had merely "made a mistake in articulation" such that "the Court was unable to follow the logical bridge" between a plaintiff's limitations and RFC restrictions as contrasted with cherry-picking, ignoring, or mischaracterizing "a significant body of relevant evidence")). But the "standard is reasonableness, not certainty." *Malcom,* No. 18-cv-62251 at *2 (quoting *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995). And the ALJ's lack of adequate explanation here is "not equivalent to the Government taking an unreasonable litigation position by defending an ALJ who ignored evidence. *Richardson,* No. 20-cv-14235 at *3.

Here, I cannot say that the ALJ "ignore[ed] evidence, cherry-pick[ed] evidence, or mischaracterize[ed] a significant body of relevant evidence. *Tiffany T.*, No. 219-cv-00479DLPJRS at *3. The ALJ's decision reflects that she considered the entire record before making her RFC assessment. For example, the ALJ thoroughly discussed the results of several of Mr. Zobel's physical examinations. R. 1457–58. During her discussion the ALJ acknowledged that some of the examinations of Mr. Zobel's' right

10

upper extremities showed decreased range of motion abilities and variable complaints of but, others showed that he was responding well to treatment. R. 1455, 1457–58. The ALJ also pointed to a specific instance in 2014 when Mr. Zobel reported moving 15 boxes, including some that weighed 50 pounds without increased pain until after the exercise. R. 1458. Then after explaining her analysis of the objective medical evidence, the medical opinion evidence, and Mr. Zobel's subjective allegations, the ALJ cited the evidence that supported her opinion that Mr. Zobel could perform medium work. R. 1461.

And as to Dr. Kishor's opinions, this Court found that the ALJ may have had a reason for rejecting Dr. Kishor's findings but that there was no explanation of what and how the opinions were unsupported by or inconsistent with the record. ECF No. 26 at 26. As to Dr. Lefkowitz's opinions, this Court found the ALJ's evaluation was "too closely intertwined with her assessment of Dr. Kishor's opinions" and therefore the Court was "unable to determine whether the ALJ's treatment of Dr. Lefkowitz's opinions [was] supported by substantial evidence." Id. at 29–30

To clarify, this Court's view is not that the Government's position is substantially justified because the ALJ may ultimately be right. Instead, I cannot determine whether the ALJ was right or wrong on the record before me because she failed to adequately articulate reasons for making certain findings. But her failure to adequately articulate reasons, *alone* is not enough to find that the Government's position was *not* substantially justified. Id. (quoting Mills v. Astrue, No. 1:04-cv-401, 2008 WL 2945554, at *1 (N.D. Fla. July 24, 2008). So, it's logical to infer that the

11

"Government reasonably believed (though ultimately wrong) that consistent with Eleventh Circuit precedent, it could have won on harmless-error review." *Malcom,* No. 18-cv-62251 at *2; *Colon v. Colvin,* 660 F. App'x 867, 870 (11th Cir. 2016); *see also Molina v. Comm'r of Soc. Sec.,* 750 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010) (finding the Commissioner's position substantially justified where reasonable minds could differ on the correct outcome of the case, and evidence existed in the record to support the decision but the ALJ's analysis was lacking).

Therefore, Mr. Zobel should not be entitled to fees on *this* record, in *this* judicial review. *Id.* And to clarify, after remand consistent with the Court's instructions, if there is another decision adverse to Mr. Zobel, he is still free to seek judicial review of that decision, and ultimately fees if the Government has then taken a position that is substantially unjustified.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court deny Plaintiff's Motion for Attorney Fees under the EAJA.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 17th day of December 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE