UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81083-CIV-CANNON/Reinhart

**CRAIG ZOBEL**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Supplemental Report and Recommendation [ECF No. 39] and original Report and Recommendation [ECF No. 36] (collectively, "the Report"), both of which recommend denying Plaintiff's Motion for Attorney Fees under the EAJA ("the Motion") [ECF No. 32]. The Court has reviewed the Report [ECF Nos. 36, 39], Plaintiff's Objections [ECF Nos. 37, 40], and the full record on Plaintiff's Motion [ECF Nos. 32, 34–35]. For the reasons set forth below, the Report [ECF Nos. 36, 39] is **ACCEPTED**.[1]

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court

---

[1] This Order assumes a general understanding of this case's factual and procedural background as described in the Supplemental Report [ECF No. 39 pp. 1–4].

reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

This Court remanded this matter to the Commissioner with instructions to the Administrative Law Judge (ALJ) to more fully articulate her reasons for crediting or discrediting two doctors' opinions [ECF No. 31]. After that remand, Plaintiff filed the Motion, seeking $10,959.17 in attorney's fees and $400 in costs [ECF No. 32]. Plaintiff argues that he is entitled to those fees and costs under the EAJA because (1) he obtained a remand to the Commissioner following his motion for summary judgment [ECF No. 31]; (2) the request is reasonable; and (3) the Government's position was not substantially justified [ECF No. 32 pp. 3–5]. In support of the latter assertion, Plaintiff argues that the Commissioner "failed to apply proper legal standards in evaluating this case" and issued a decision that was "not based on substantial evidence" [ECF No. 32 pp. 3–5]. The Report recommends denial of Plaintiff's Motion, explaining that the ALJ's failure to adequately articulate reasons for crediting the doctors' opinions is not enough on this record to characterize the Government's position as *not* substantially justified [ECF No. 39 p. 11].

Plaintiff objects on three grounds: (1) the report does not apply the correct legal standard; (2) the Report does not sufficiently consider the procedural history and basis for prior remand;

(3) Plaintiff has elected not to appeal a recently issued decision by the ALJ and thus will not have another opportunity to seek EAJA fees in the future [ECF No. 40].

Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position in support of the Commissioner's denial of benefits was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. *See Scarborough v. Principi*, 541 U.S. 401, 404–05 (2004); 28 U.S.C. § 2412(d).

The sole issue before the Court is whether the Government was substantially justified in denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act and defending that denial in this proceeding. 42 U.S.C. §§ 401 *et seq*. "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e., when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Upon de novo review, the Court agrees with the Report's well-reasoned determination that the Government's position was substantially justified in this case [ECF No. 39 pp. 6–12]. As the Report explains, the remand narrowly concerned the ALJ's failure to adequately articulate its reasons for making certain findings [ECF No. 39 p. 11]. That failure in explanation prevented the Magistrate Judge from determining whether the ALJ reached a correct or incorrect decision in denying Plaintiff's claim for disability insurance benefits [ECF No. 39 p. 11].[2]  Thus, the

---

[2] This matter was referred to Magistrate Judge Reinhart for a Report and Recommendation on any dispositive matters [ECF No. 2].  Magistrate Judge Reinhart thereafter issued a Report and Recommendation [ECF No. 26] on the parties' cross motions for summary judgment

Magistrate Judge recommended remanding the matter back to the Commissioner for more explanation, and the Court accepted that recommendation [ECF Nos. 26, 31]. Critically, however, the Court's decision to remand does not, on this record, lead to the conclusion that the Government took an unreasonable litigation position in supporting the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits [*see* ECF No. 39 p. 10 (citing *Richardson v. Kijakazi*, No. 20-cv-14235, 2022 WL 4379597 (S.D. Fla. Sept. 22, 2022))].

Plaintiff's objections do not sway this conclusion.

First, Plaintiff argues that Magistrate Judge Reinhart improperly placed the burden on him—rather than the Government—to show that the Government's position was substantially justified [ECF No. 40 pp. 2–3]. This is so, Plaintiff states, because the Report labeled as conclusory Plaintiff's arguments in the Motion for Fees [ECF No. 40 pp. 2–3 (noting that the Report says that Plaintiff "relies on the arguments he made on summary judgment—in conclusory fashion—and the fact that the case was remanded)]. This objection is unavailing. The Report clearly identifies the correct legal standard for assessing whether the Government's position was substantially justified, as Plaintiff himself appears to concedes [ECF No. 39 p. 5; ECF No. 40 p. 2]. The Report then applies that standard, explaining in detail and with supporting caselaw, that the Government's position of denying Plaintiff's claim for medical insurance benefits and thereafter defending that denial was substantially justified in this case. Nothing in the Report's characterization of Plaintiff's arguments as conclusory leads the Court to believe the Report did not fully understand the burden of proof that applies in this context. Nor is it correct to suggest that the Report failed to address why the Government was in fact substantially justified in denying

---

[ECF Nos. 19, 24], which the Court accepted [ECF No. 31]. That Order remanded the matter back to the Commissioner [ECF No. 31].

Plaintiff's claim for medical insurance benefits. To the contrary, as noted, the Report contains a lengthy discussion of the Government's position as to the medical evidence in the administrative hearings, the ALJ's and Appeals Council's decisions, and supporting caselaw [ECF No. 39 pp. 6–12]. Plaintiff's assertion that the Report failed to apply the correct legal standard fails.

Plaintiff's second objection is likewise unpersuasive. Plaintiff says the Report does not sufficiently consider the procedural history and basis of the prior remand [ECF No. 40 pp. 3–6]. More specifically, Plaintiff asserts the Report does not sufficiently consider the fact that this matter was twice remanded to the Commissioner for the same error [ECF No. 40 p. 5; *see* ECF No. 26 pp. 2–3 (describing the first remand in July 2020); ECF No. 11 (administrative record)]. But the Report plainly considers the procedural history of the case [ECF No. 39 pp. 1–4] and describes how that remand influenced the instant Motion [ECF No. 39 pp. 10–13 (citing its remand R&R and explaining why the remand alone does not mean the government's position was not substantially justified)]. The Report carefully explains why the ALJ's failure to adequately articulate reasons for making certain findings—even for a second time—does not equate to a finding in this case that the Government's position was not substantially justified [ECF No. 39 pp. 10–12]. Plaintiff's Objection reveals no error in this reasoning or in the Report's substantive conclusion that the Government's position was rooted in a reasonable basis in law and fact.

Finally, Plaintiff argues that the Report should be rejected because the ALJ issued a partially favorable, post-remand decision on December 26, 2024, from which Plaintiff has elected not to appeal [ECF No. 40 p. 7]. As a result, Plaintiff submits, there will be no future case that would render Plaintiff eligible for EAJA fees—a result that, according to Plaintiff, undermines the EAJA's purpose to make it financially easier to challenge unreasonable government action

5

[ECF No. 40 pp. 6–7]. The Court fails to see how any of those circumstances reveals error in the Report or reflects unreasonable government action. The Report correctly makes the general point that Plaintiff may elect to appeal a future adverse decision and seek fees if legally appropriate [ECF No. 39 p. 12]. That Plaintiff has chosen not to pursue additional legal remedies from a recent decision by the ALJ does not render the Government's position substantially unjustified sufficient to warrant an award of fees in this case.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 36] and Supplemental Report and Recommendation [ECF No. 39] are **ACCEPTED**.

2. Plaintiff's Motion for Attorney Fees under the EAJA [ECF No. 32] is **DENIED**.

3. This case remains closed.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of January 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record